IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD D. CASILLAS,

       Plaintiff,

v.                                                  CIV 08-865 LH-GBW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's Motion to Reverse or Remand *(Doc. 14)* by reference from Judge Hansen to perform "any legal analysis required to recommend to the Court an ultimate disposition of the case." *Doc. 8*.[1] Having carefully considered the entire record and reviewed the parties arguments as well as the applicable law, I recommend that the motion be granted and the action remanded to the Commissioner for further proceedings.

## I. Introduction

Plaintiff Richard Casillas owned and ran a restaurant in 1988 when he was diagnosed with Chronic Fatigue Syndrome (CFS). *AR* at 221. The symptoms of his

---

[1] Judge Hansen originally referred this case to Magistrate Judge Puglisi, but the case was later reassigned to the undersigned. *Doc. 18.*

disease worsened over the course of six years, ultimately precipitating the closure of his restaurant in September of 1994. *Id.* Ten years later, he applied for disability benefits due to CFS and depression. *AR* at 24. Claimant alleges an onset date of September 1, 1994. *AR* at 65.[2] The last date of his insured status was September 30, 2000, and he therefore must establish that he was disabled before that date. *AR* at 24. Plaintiff was born on April 4, 1941 (*AR* at 55) and thus he was fifty-three to fifty-nine years of age during the relevant time period.

The Administrative Law Judge ("ALJ") found that Plaintiff has the residual functional capacity to perform a "limited range of sedentary work" (*AR* at 28) and, with the aid of the testimony from a vocational expert, identified two such jobs he could perform: Billing Clerk and Information Clerk. *AR* at 32. The ALJ denied benefits, finding him not disabled at Step 5. *AR* at 33. The Appeals Council declined review on August 28, 2008, thereby rendering the ALJ's decision final. *AR* at 4.

In Plaintiff's Motion to Remand, he asserts that the ALJ committed no fewer than fifteen errors. *Doc. 14.* If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and Plaintiff

---

[2] Mr. Casillas alleged an onset date of September 1, 1994 in his SSA-3368 (*AR* at 65) and testified to the same effect at the hearing (*AR* at 427). That is the date the ALJ used in her opinion (*AR* at 24), and thus it is the date this Court will use. It is worth noting, however, that Claimant's last date of work was September 30, 1994. AR at 65.

is not entitled to relief. *E.g.*, *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (internal quotations and citations omitted); *see also Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (internal quotations and citations omitted); *see also Hamlin*, 365 F.3d at 1214. My assessment is based on a "meticulous" review of the entire record, where I can neither re-weigh the evidence nor substitute my judgment for that of the agency. *Hamlin*, 365 F.3d at 1214; see also *Langley*, 373 F.3d at 1118.

Of the several alleged errors, I find that the erroneous vocational expert testimony requires a remand to the Commissioner for further proceedings.

## II.  Analysis

*Vocational Expert Hypothetical*:

Claimant argues that the ALJ's reliance on the Vocational Expert (VE) testimony for her Step 5 determination was error because she failed to represent all of the impairments she found at Steps 2 and 3 in her hypothetical question to the VE. *Doc. 14*

at 14-15.  This Court agrees.

Where, as here, the ALJ found that Claimant is not able to perform the full range of activity for the level of work (sedentary, light, etc.) assigned to him in the ALJ's residual functional capacity ("RFC") finding, at Step 5 the Secretary must use VE testimony or other similar evidence to meet her burden of demonstrating that the claimant can perform jobs available in the national economy.  *Hargis v. Sullivan* 945 F.2d 1482, 1492 (10th Cir. 1991).  The information provided to the VE, however, must accurately reflect all of the claimant's impairments.  *Id.*  If it does not, a decision based on the VE's testimony is not supported by substantial evidence.  *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995).  Even moderate limitations must be conveyed to the VE as seen in *Miranda v. Barnhart* 205 F. App'x 638, 643 (10th Cir. 2005):

> We note that in the ALJ's step-three discussion of why Mr. Miranda did not meet the requirements of a listing for his mental impairments, he stated that "[m]oderate difficulties in maintaining concentration, persistence, or pace are suggested by the consultative psychological examination.". . . But despite his remarks in the listing discussion, and his accordance of greater weight to Dr. Pedowitz's report, the ALJ did not further mention concentration, persistence, or pace-characteristics that would appear to be crucial factors in the type of work that the ALJ believed Mr. Miranda was capable of doing . . . . It does not appear that the ALJ ever made a firm determination regarding restrictions in these areas, and no such restrictions were included in the RFC or in the first hypothetical question to the VE.
>
> . . . We have held that, where the record supported some limitation on particular functions, "the ALJ's failure to include in his hypothetical inquiry to the vocational expert any limitation in this regard violated the

4

> established rule that such inquiries must include all (and only) those impairments borne out by the evidentiary record." *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir.1995) (footnote omitted).
>
> Given that he found moderate difficulties in the areas of concentration, persistence, or pace, the ALJ erred in not further addressing these factors in assessing Mr. Miranda's RFC and in posing his hypothetical questions to the VE. These omissions should be remedied on remand.

205 F. App'x at 643; *see also Smith v. Barnhart* 172 F. App'x 795, 800 (10th Cir. 2006) ("Because the ALJ omitted, without explanation, impairments he found to exist, the hypothetical question was flawed.").

At Step 2 in the case at bar, the ALJ found that "the Claimant had the following 'severe' impairments: chronic fatigue syndrom and depression." *AR* at 26.  Then, in explaining why Claimant's severe impairments did not meet the listings for Step 3, the ALJ found that the Claimant had a moderate restriction in activities of daily living, moderate difficulties in social functioning, and moderate difficulties "with regard to concentration, persistence or pace." *AR* at 27.  In the ALJ's RFC finding, the only limitation found that touched on the issue of mental or social impairments was her finding that Claimant had "[t]he ability to read and understand what he read despite some difficulty with short-term memory." *AR* at 28. When the ALJ posed her hypothetical to the VE, the only mental limitation she noted was "some difficulty with short-term memory."  *AR* at 448.  The transcript of her hypothetical reads as follows:

5

> Okay. I'm going to give you a hypothetical. I want you to assume an individual [INAUDIBLE] has the same education [INAUDIBLE] and has the same prior past work skills. And I want you to consider this individual is able to drive. Is able to read and understand – comprehend what he's reading. Does have some difficulty with short-term memory and he can walk and stand for 15 – for 20 minutes at a time. He can sit for an hour to an hour and a half. And he can lift no more than 15 pounds occasionally. Are there any jobs that exist in significant numbers in the national economy that such a person could do?

*AR* at 448.

This hypothetical makes no mention of Claimant's moderate difficulty in social functioning. Additionally, it makes only a scant and tenuous reference to Claimant's moderate difficulty with concentration, persistence or pace. The VE's opinion was thus not based on a complete picture of Claimant's impairments and was, therefore, not appropriate evidence for the ALJ to consider in making her Step 5 determination.

The Government contends, that any error is harmless because Claimant only specified that one of those two positions would be eliminated had an appropriate instruction been given indicating Claimant's moderate social impairment. *Doc. 15* at 11. This Court agrees that Claimant's argument is not as clear as it could be; but without relevant VE testimony, the ALJ lacked substantial evidence to decide Claimant's non-disability at Step 5. As such, the case must be remanded.

*Other Issues:*

While the Court recommends remand due to the error with the VE testimony, the

Court does not recommend limiting the review on remand to that issue alone. In fact, the Court harbors concerns on a number of the issues raised by Plaintiff. For instance, the Court is concerned that the ALJ's credibility determination may not satisfy the requirement that "findings as to credibility should be closely and affirmatively linked to substantial evidence ." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). In relevant part, the ALJ stated: "After considering the evidence of record, I conclude that the claimant's medically determinable impairments could have been reasonably expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." *Id.* In the next two pages of the decision, the ALJ recites the rules of 20 CFR 404.1529(c)(2)&(3) and recounts specific evidence from the Administrative Record. *Id*. at 30-31. It is unclear to the Court, however, that the specific evidence cited was in support of the credibility determination, as argued by the United States, or in support of the more general conclusion regarding RFC. In an unlimited remand, the ALJ would be free to revisit both her conclusion and explanation regarding Plaintiff's credibility.

  The Court was also concerned with the issues raised with respect to the development of the record. The Court is confident, however, that on an unlimited remand, Plaintiff and his counsel will be able to sufficiently develop the record for the ALJ.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Claimant's Motion to Remand be granted and the action be remanded to the Commissioner for further proceedings.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE